UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ATHINOULA MARITIME CO. | CIVIL ACTION |
| VERSUS | NO. |
| M/V CAROLINE FRANCES, her engines, tackle, apparel, bunkers, etc., *in rem*; M/V KAYLIN NICOLE, her engines, tackle, apparel, bunkers, etc., in rem; GM-1006, her engines, tackle, apparel, bunkers, etc., in rem GENESIS MARINE, LLC | JUDGE MAGISTRATE JUDGE |

## VERIFIED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff, Athinoula Maritime Co. ("Plaintiff"), and for its Verified Complaint against defendant, M/V CAROLINE FRANCES, O/N 1267551, *in rem*, M/V KAYLIN NICOLE, O/N 1271719, *in rem*, GM-1006, O/N 1252974, *in rem*, and Genesis Marine, LLC, *in personam* (collectively, "Defendants"), and stating an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule C of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, respectfully represents upon information and belief as follows:

1.

This is an admiralty and maritime claim within the meaning of Rule 9(h) and Supplemental Rule C of the Federal Rules of Civil Procedure. Jurisdiction is based on 28 U.S.C. §1333.

2.

Personal jurisdiction and venue are proper in this Honorable Court because the events at issue occurred in this District and because Defendants consented to jurisdiction and venue in this Court in their Letter of Undertaking dated September 28, 2021.

3.

Plaintiff, Athinoula Maritime Co., is a foreign company, having its principal place of business in Greece, and is the owner of M/V ATHINOULA, a bulk carrier.

4.

Defendants M/V CAROLINE FRANCES, M/V KAYLIN NICOLE, and GM-1006 are, upon information and belief, vessels owned and/or operated by Genesis Marine, LLC, which vessels were and are at all relevant times engaged in maritime commerce in the waters of the United States.

5.

Upon information and belief, Genesis Marine, LLC is a foreign limited liability company with its principal place of business in Texas.

6.

On or about August 29, 2021, M/V ATHINOULA was anchored at Bonnet Carré Anchorage, mile 127, on the Lower Mississippi River.

7.

At about 19:32 hours on or about August 29, 2021, tugs CAROLINE FRANCES and KAYLIN NICOLE made up with several tank barges, including but not limited to GM-1006, drifted towards the bow of the ATHINOULA, alliding with the ATHINOULA's bow and anchor chain. After making this initial contact, the tug/barge combos CAROLINE FRANCES, KAYLIN

NICOLE, GM-1006 broke apart, struck, and scraped down the side of the ATHINOULA, whereafter the loose tugs and barges ran aground on the East Bank (left descending bank) close to shore inside the Bonnet Carré Anchorage.

8.

As a result of Defendants' allision, the ATHINOULA sustained hull damage and then grounded within the anchorage.

9.

The damage to the ATHINOULA was not caused or contributed to by any fault or negligence of the ATHINOULA, her navigators, or owners, but was caused by the negligence and other fault of Defendants, including but not limited to improper mooring and failure to take other precautions appropriate for the storm.

10.

Defendants' allision with the ATHINOULA caused Plaintiff to suffer damages, including but not limited to the cost to repair the physical damage to ATHINOULA, costs to refloat the ATHINOULA, loss of use of the ship, and other costs and expenses presently estimated at $243,016.97, plus interest, fees, and costs.

11.

Having allided with the ATHINOULA, Defendants are presumed to be at fault. "Under general maritime law, it is well settled that when a drifting vessel causes damage to a stationary object, there is a presumption that the moving ship is at fault." *Town of Gramercy v. Blue Water Shipping Servs.*, No. CIV. A. 07-2655, 2009 WL 129766, at *3 (E.D. La. Jan. 20, 2009) (citing *The LOUISIANA*, 70 U.S. (3 Wall) 164, 173, 18 L.Ed. 85 (1865)). *See also The Oregon*, 158 U.S. 186, 15 S.Ct. 804, 39 L.Ed. 943 (1895).

12.

Leading up to and during the allision, Defendants violated the Inland Rules of the Road, federal regulations designed to prevent maritime accidents such as this allision between vessels. Such violations constituted negligence.

13.

Because Defendants violated federal regulations designed to prevent maritime accidents, Defendants' regulatory violations are presumed to be the cause of Plaintiff's damages. *SCF Waxler Marine LLC v. M/V ARIS T*, 427 F. Supp. 3d 728, 759–60 (E.D. La. 2019), *aff'd sub nom. SCF Waxler Marine, L.L.C. v. Aris T M/V*, 24 F.4th 458 (5th Cir. 2022) ("In such a case the burden rests upon the ship of showing not merely that her fault might not have been one of the causes, or that it probably was not, *but that it could not have been*.") (emphasis added) (citing *The Pennsylvania*, 86 U.S. 125, 136, 19 Wall. 125, 22 L.Ed. 148 (1874)).

14.

To the extent Defendants claim the allision was caused by the weather on August 29, 2021, Defendants may not avail themselves of the Act of God defense because they did not exercise reasonable care to avoid the incident. *John W. Stone Oil Distrib., L.L.C. v. Bollinger Shipyards, Inc.*, No. CIV. A. 06-2377, 2007 WL 2710809, at *5 (E.D. La. Sept. 12, 2007) ("Simply asserting the "Act of God" defense is insufficient, because the defendant must prove not only that the weather was heavy but also that it took reasonable precautions to avoid the damage.") (citing James E. Mercante, Hurricanes and Act of God; When the Best Defense is a Good Offense, 18 U.S.F. Mar. L.J. 1 (2005-2006)). *See also Uniroyal, Inc. v. Hood*, 588 F.2d 454, 460 (5th Cir. 1979).

4

15.

Under United States federal maritime law, the tortious allision of CAROLINE FRANCES, KAYLIN NICOLE, and GM-1006 with the ATHINOULA gives rise to a maritime lien upon CAROLINE FRANCES, KAYLIN NICOLE, and GM-1006 in the amount of Plaintiff's damages caused by the allision. *Club v. Beaufort*, No. CV 15-5718, 2016 WL 3020861, at *4 (E.D. La. May 26, 2016) ("The June 24, 2011, allision between the BEAUFORT and the IOLAR was a maritime tort that gave rise to a maritime lien on the BEAUFORT.").

16.

Upon information and belief, the M/V CAROLINE FRANCES, M/V KAYLIN NICOLE, and GM-1006 are presently, or will during the pendency of this action be, on the navigable waters of the United States within the jurisdiction of this Honorable Court, and subject to arrest pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, to enforce Plaintiff's maritime lien on the vessels.

17.

All and singular, the foregoing is true and correct and within the admiralty and maritime jurisdiction of this Honorable Court.

18.

Plaintiff, Athinoula Maritime Co., reserves the right to supplement and amend this Verified Complaint as necessary and appropriate through the discovery of additional information relevant hereto.

WHEREFORE, plaintiff, Athinoula Maritime Co., prays:

1. That process issue from this Honorable Court in proper form instructing the United States Marshal for this District to issue and effect a warrant for arrest of the M/V CAROLINE

FRANCES, *in rem*, M/V KAYLIN NICOLE, *in rem*, and GM-1006, *in rem*, pursuant to Rule C of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure;

2. That the United States Marshal for this District arrest the said vessels and maintain custody over the vessels until such time as claimant thereto posts security sufficient in form and amount to secure Plaintiff's claims herein;

3. That those claiming an interest in the said vessels be required to file a claim to the said vessels and answer, all and singular, the allegations of this Verified Complaint;

4. That process may issue against Genesis Marine, LLC, *in personam*;

5. That after further proceedings be had, judgment be entered herein in favor of the Plaintiff and against the Defendants in the amount of $243,016.97, plus accrued interest, costs, fees and all such other sums to which Plaintiff is entitled;

6. That after further proceedings, the M/V M/V CAROLINE FRANCES, M/V KAYLIN NICOLE, and GM-1006 be condemned and sold to satisfy the claims asserted herein by Plaintiff, or, alternatively, that Plaintiff have satisfaction of its claim out of the security, if any, posted to secure the vessels' release; and

7. For all such other and further relief that justice and the nature of this case will allow.

    Respectfully Submitted,

_____
Raymond T. Waid, T.A. (Bar No. 31351)
Elizabeth B. McIntosh (Bar No. 36575)
Lance C. Bullock (Bar No. 38519)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979

rwaid@liskow.com
ebmcintosh@liskow.com
lbullock@liskow.com

*Attorneys for Athinoula Maritime Co.*

**WITHHOLD SERVICE OF PROCESS IN REM**